UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GINOCCHI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GRAND HOME HOLDINGS, INC.,<br><br>　　　　　Defendant. | Civil No. 10cv2115-L(BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

In this action arising from an alleged breach of employment contract, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion. For the reasons which follow, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff alleged that he entered into an employment agreement with Defendant's predecessor, BBQ Galore, Inc. (USA) ("BBQ Galore") in February 2007. He was employed as an executive, and the agreement was signed on behalf of BBQ Galore by its CEO Jeffrey Sears.

In the summer of 2008, BBQ Galore filed for bankruptcy and was purchased by Defendant. Defendant continued to operate the business under the name of Barbeques Galore, Inc. ("BGI"). In October 2008 Mr. Sears, who continued as BGI's CEO under new ownership, signed another employment agreement with Plaintiff on behalf of Defendant. Under new ownership, Plaintiff was given the title of VP of Commercial Sales. The detailed employment agreement provided for Plaintiff's compensation and benefits. (Compl. Exh. A.)

On March 12, 2010 Mr. Sears left BGI and a new CEO was appointed. On July 27, 2010 Plaintiff was terminated. The reason for termination given to Plaintiff and third parties at the time was the need to cut costs. Plaintiff was assured that his termination was not for cause. He was not provided any official notification of termination, and was not paid severance, contractual vacation pay and other compensation owed him upon termination pursuant to the employment agreement. When Plaintiff demanded payment, Defendant refused and accused Plaintiff of forging the agreement.

Plaintiff filed a complaint against Defendant in state court for (1) fraud; (2) conversion of wages, severance and other compensation; (3) trade libel/slander per se; (4) breach of employment contract; (5) breach of fiduciary/quasi-fiduciary duty; (6) breach of the implied covenant of good faith and fair dealing; (7) violation of California Labor Code Sections 201 *et seq.*; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; (10) accounting; and (11) declaratory relief. He requested damages, including punitive damages, imposition of a constructive trust or equitable lien, accounting, injunctive relief and declaratory relief. Defendant removed the action to this court based on diversity jurisdiction and filed a motion to dismiss pursuant to Rule 12(b)(6).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light

most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendant argues that Plaintiff failed to sufficiently plead his claims for conversion, breach of fiduciary duty and accounting and that the complaint as alleged does not support punitive damages and injunctive relief.[1] California substantive law applies in this diversity action. *See Intri-Plex Technol., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

First, Defendant contends that Plaintiff failed to state a claim for conversion. To state a claim, a plaintiff must allege his "ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451 (1997) (internal quotation marks and citation omitted); *see also* Jud. Council of Cal., Civ. Jury Instr. 2100. Defendant contends, among other things, that Plaintiff cannot sufficiently allege a right of possession. In this regard, "[a] party need only allege it is entitled to immediate possession at the time of conversion." *Farmers Ins. Exch.*, 53 Cal. App. 4th at 452 (internal quotation marks, citation and emphasis omitted). Plaintiff's theory of conversion is that the employment agreement entitled him to additional funds, which Defendant refused to pay when due. Accordingly, his right to possession is based on contract. "However, a mere contractual right of payment, without more, will not suffice." *Id.*

Plaintiff's argument that there is more to his claim than contract in that Defendant attempted to deprive him of possession by claiming that the contract was forged is unavailing here. Although this allegation is relevant to the wrongful act element of conversion, it is not

---

[1] To the extent Defendant attacks Plaintiff's request for punitive damages and injunctive relief, its motion is construed as a motion to strike pursuant to Federal Rule of Civil Procedure 12(f).

relevant to the right to possession. Plaintiff does not contend in his opposition that his right to payment is based on any other basis than contract. For example, he does not argue that he is statutorily entitled to these sums. (*See* Opp'n at 6-7.) Accordingly, Defendant's motion to dismiss the conversion claim is **GRANTED**.

Defendant further argues that Plaintiff cannot state a claim for breach of fiduciary duty. Because Plaintiff conceded this point (Opp'n at 7), the court need not address Defendant's argument. Defendant's motion to dismiss the breach of fiduciary duty claim is **GRANTED**.

Next, Defendant maintains that Plaintiff's claim for accounting should be dismissed because no accounting is necessary in this action. Plaintiff asserts that an accounting "is potentially proper." (Opp'n at 8.) Accounting "may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (1977) (internal quotation marks, ellipsis and citation omitted). Accordingly, "[a] suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law." *Id*., quoting *St. James Church v. Super. Ct. (Boone)*, 135 Cal. App. 2d 352, 359 (1955).

Plaintiff seeks accounting to determine payment of the severance, vacation and other benefits under the employment contract and penalties under California Labor Code. (*See* Opp'n at 8.) He alleged he "does not know the precise amount on which to base his claim since such amounts and profits can only be determined by complete accounting of all records and receipts in the possession of Defendants." (Compl. at 15.) According to the provisions of the employment agreement regarding what is due Plaintiff upon termination without cause, there is no need to account for any of Defendant's profits to determine the amount due Plaintiff because the calculation is made based on his base salary, vacation pay earned, reimbursable expenses and reimbursement for COBRA health benefits. (*Id*. at 7 & Exh. A ¶¶ 7(c) & 4.) The statutory penalties are calculated based on Plaintiff's wages. Cal. Lab. Code § 203. On the face of the complaint, it does not appear that calculation of the amounts Plaintiff seeks is in any way complicated so as to require accounting. Based on the foregoing, Defendant's motion to dismiss the accounting claim is **GRANTED**.

Defendant also argues that Plaintiff's request for punitive damages should be stricken because no punitive damages can be awarded in an action arising from contract. Punitive damages can be awarded "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

Plaintiff argues that the action is more than just for breach of contract because it includes allegations of Defendant's false accusation that Plaintiff forged the employment agreement. Defendant contends that this is nothing more than denying the validity of the employment agreement, or asserting a defense to breach of contract. Although there is no tort for bad faith denial of contract in California, *see Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85 (1995), Plaintiff alleged more than mere bad faith denial of a contract. Plaintiff alleged that Defendant accused Plaintiff of a crime and threatened to refer the matter to law enforcement. (Compl. at 8.) Defendant's argument is therefore rejected.

For the first time in its reply brief, Defendant argues that Plaintiff's allegations regarding forgery concern matters covered by the litigation privilege and are therefore protected speech under California Civil Code Section 47(b). (*Cf.* Reply at 5-6 & Def.'s P.&A. at 5-8.) This issue was not briefed in Defendant's moving papers. Plaintiff therefore did not have an opportunity to respond. Parties should not raise new issues for the first time in their reply briefs. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). The court will therefore not consider this issue at this time.

In addition to the breach of contract claim, Plaintiff alleged fraud and defamation. Defendant does not challenge these claims in his motion. With respect to these claims, Plaintiff alleged that Defendant acted "with fraud, oppression or malice, such as to justify an award of punitive damages. (Compl. at 10.) Although this is alleged in support of the fraud claim, the allegations are incorporated by reference into the defamation claim as well. (*Id*. at 11.) Plaintiff has therefore included sufficient allegations in the complaint to support a request for punitive damages. Defendant's motion to strike Plaintiff's request for punitive damages is therefore **DENIED**.

1   Finally, Defendant argues that Plaintiff's request for injunctive relief should be stricken.
2   Because Plaintiff conceded this point (Opp'n at 8), the court need not address Defendant's
3   argument. Defendant's motion to strike Plaintiff's request for injunctive relief is **GRANTED**.

4   Plaintiff requested leave to amend if Defendant's motion is granted with respect to
5   conversion, accounting or punitive damages. (Opp'n at 9.) Rule 15 advises the court that leave
6   to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to
7   be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
8   1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to
amend is not appropriate unless it is clear that the complaint could not be saved by amendment.
*Id*. Because it does not appear that Plaintiff can amend the complaint to state a claim for
conversion, any leave to amend the complaint in this respect would be futile. The court denied
Defendant's motion to strike Plaintiff's request for punitive damages. Plaintiff's request for
leave to amend in this regard is therefore moot. Because it appears that Plaintiff may be able to
amend the complaint to state a claim for accounting, his request for leave to amend is granted in
this regard.

Based on the foregoing, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. It is hereby **ORDERED** as follows:

1.   Defendant's motion is **GRANTED** with respect to the second cause of action for conversion of wages, severance and other compensation, fifth cause of action for breach of fiduciary/quasi-fiduciary duty, tenth cause of action for accounting, and Plaintiff's request for injunctive relief. The motion is **DENIED** in all other respects.

2.   Plaintiff is granted **LEAVE TO AMEND** his tenth cause of action for accounting.

3.   If Plaintiff chooses to file an amended complaint, he must do so no later than **September 6, 2011.** Defendant's response to the amended complaint, if any, must be filed and

served within the time set forth in Federal Rule of Civil Procedure 15(a)(3). If Plaintiff chooses not to file an amended complaint, Defendant shall respond within the same period of time calculated from September 6, 2011.

**IT IS SO ORDERED**.

DATED: August 8, 2011

_____
M. James Lorenz
United States District Court Judge